■ In the Matter of MYRON MARSHALL, Appellant, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: Appellant is a physician licensed to practice medicine in the State of New York and specializing in psychiatry. By notice dated March 20, 1978, appellant was served with a notice of hearing and a statement of charges charging him with misconduct. He thereupon initiated these two proceedings, consolidated for purposes of this appeal. The first proceeding is under article 78 against the State Board seeking prehearing disclosure pursuant to CPLR article 31. We have recently held in a similar appeal that a party is not entitled to such disclosure (see *Matter of Whalen v John P.,* 72 AD2d 961). The second proceeding is against the Commissioner of Health, various records access officers and the Attorney-General. It seeks disclosure pursuant to article 6 of the Public Officers Law, the Freedom of Information Law. The items sought are: (1) statements of complaining witnesses, (2) names and addresses of witnesses, lay and expert, (3) a copy of the report of the screening committee that gave rise to the charges, and (4) access to any other information which would not interfere with the proceedings or investigation. The items are not subject to

disclosure. Items Nos. 1 and 2 are exempt by State statute (Public Officers Law, § 87, subd 2, par [a]; see Public Health Law, § 230, subd 11, par [a]); Item No. 3 is exempt by another State statute (see Public Health Law, § 230, subd 9; see, also, *Matter of McAulay v Board of Educ.,* 61 AD2d 1048, affd 48 NY2d 659), and Item No. 4 clearly contemplates confidential patient records that are exempt by statute (Public Officers Law, § 87, subd 2, par [a]; Public Health Law, § 230, subd 10, par *[l])* and because they constitute an unwarranted invasion of personal privacy (Public Officers Law, § 87, subd 2, par [b]; § 89, subd 2, par [b], cls i, ii; Public Health Law, § 230, subd 10, par *[l]).* We find no violation of appellant's due process rights. He has been fully apprised of the particulars of the charges against him, the names of the parties involved and the claimed acts of misconduct (see *Matter of Simpson v Wolansky,* 38 NY2d 391, 395; *Cirasuolo v Hasenauer,* 64 AD2d 860, 861). The charges of misconduct concerned only his treatment of patients, and his contention that he cannot adequately defend himself without pretrial disclosure is without merit. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.