OPINION OF THE COURT
Meyer, J.
Records of a disciplinary proceeding conducted pursuant to section 230 of the Public Health Law consisting of patients’ records and interviews with patients and with other doctors obtained during investigation of professional misconduct are confidential under the provisions of section 230 and, therefore, exempt from public access by section 87 (subd 2, par [a]) of the Public Officers Law. The order of the Appellate Division should, therefore, be affirmed, with costs.
Petitioner is a doctor who is under investigation by the State Board of Professional Medical Conduct (see Public Health Law, § 230). The notice of hearing and statement of charges, was served on petitioner in July, 1977. During an adjournment of the hearing on those charges, petitioner’s attorney issued subpoenas for the production of certain records and the oral examination of various persons. On the commissioner’s motion to quash the subpoenas the Appellate Division affirmed so much of Special Term’s order as held that an attorney’s subpoenas could not be issued in such a proceeding and reversed so much as directed the presiding officer of the board’s hearing committee or the commissioner to issue the subpoenas, holding that the subpoena power granted by the Public Health Law did not *93 authorize issuance of subpoenas in the investigatory stage (72 AD2d 961, 962).
Petitioner then requested access pursuant to the Freedom of Information Law (Public Officers Law, art 6) to medical records, patient interviews and interviews with other doctors obtained by the commissioner during the investigation. After denial of the request by the agency’s records access officer and records access appeals officer, petitioner brought an article 78 proceeding to review their rulings. In an unreported decision Special Term dismissed the petition, holding the material not discoverable under CPLR 3101 and exempt as part of the investigatory file and under common-law governmental privilege. Petitioner appealed, but the Freedom of Information Law having been substantially revised and liberalized by the repeal of the prior law and enactment of chapter 933 of the Laws of 1977, effective within a few weeks after the Special Term decision, permitted that appeal to be dismissed for failure to prosecute, and instituted a new and separate demand for access under the new law.
The new demand sought essentially the same materials: statements by and notes of interviews with designated patients, statements given the investigating committee by named doctors, and medical records of the same patients received by the committee. The records access officer denied the request on the grounds that, under paragraphs (a), (b), (e), and (g) of subdivision 2 of section 87, the material was exempt from disclosure by section 230 of the Public Health Law and CPLR article 31, that its disclosure would constitute an unwarranted invasion of the privacy of the patients, and that it was compiled for law enforcement and was interagency or intraagency material of the type exempted by the statute. After affirmance by the records access appeals officer, petitioner sought an opinion from the executive director of the Committee on Public Access to Records (see Public Officers Law, § 89, subd 1, par [b], cl ii) and having received an opinion partially in his favor, then commenced a new article 78 proceeding to review the denial. Respondents (the commissioner, the regional health director, the records access officer, *94 the records access appeals officer and the Attorney-General) in answering pleaded, among other defenses, res judicata and that the material was exempted from disclosure by section 230 of the Public Health Law, which “specifically prohibits discovery of the items sought by sub-section 9”, as well as by CPLR 3101 (subds [b], [c], [d]). Special Term ordered that petitioner be given access to all of the materials he had requested, but the Appellate Division reversed and dismissed. Petitioner’s appeal of that order is before us as of right.
The commissioner’s invocation of res judicata is without basis. It is, of course, true that if both requests are viewed as being a single proceeding, the dismissal for failure to prosecute of petitioner’s first appeal would bar him from now seeking review of the same issues (see Bray v Cox, 38 NY2d 350 [dismissal for failure to prosecute interlocutory appeal on choice-of-law issue precluded its consideration on appeal after final judgment]). However, petitioner’s first request for information was made under the 1974 version of the Freedom of Information Law. The 1977 act materially changed the parties’ rights in that it accorded to the agency the discretion to provide access to sensitive information rather than excluding it entirely (compare Public Officers Law, § 87, subd 2, with former § 88, subd 6, as enacted by L 1974, ch 578, § 2), and by placing on the agency the burden of proving the propriety of denying access to information (compare Public Officers Law, § 89, subd 4, par [b], with former § 88, subd 7, as enacted by L 1974, ch 578, §2).
The request now being reviewed is, thus, a separate and independent request made pursuant to the new law. As such, it is a “transaction” wholly distinct from the first request. Consequently, applying the transactional analysis approach to res judicata questions adopted in this State (see Matter of Reilly v Reid, 45 NY2d 24, 29; Restatement, Judgments 2d [Tent Draft No. 5], § 61), the parties are not bound by the determination made on petitioner’s first request.[1]
*95 Before turning to the merits there is another threshold issue, injected by petitioner’s emphasis on the advisory opinion obtained by him from the executive director of the Committee on Public Access to Records, that must be considered. The Freedom of Information Law requires the committee[2] to furnish an advisory opinion regarding the law to any agency or any person (Public Officers Law, § 89, subd 1, par [b], els i, ii). It does not, however, give the committee any part in the review process established by subdivision 4 of section 89 except to require that a copy of any appeal to the records access appeals officer and the determination thereon be furnished by the agency to the committee. Review of the determination of an agency’s designated appeal officer is, rather, by a court pursuant to article 78 (Public Officers Law, § 89, subd 4, par [b]). The committee may, in addition to furnishing opinions, promulgate rules and regulations with respect to designated provisions of the law as well as guidelines on personal privacy (Public Officers Law, § 89, subd 1, par [b], cl iii; subd 2, par [a]) and make recommendations for changes in the law (Public Officers Law, § 89, subd 1, par [b], cl v). But what the Committee on Public Access has been given oversight of is the Freedom of Information Law, or at most the Freedom of Information Law as it affects other agencies and the laws they administer. The statute requiring interpretation in this case is the Public Health Law. Surely the commissioner, who is directly concerned with that law, has no less expertise concerning its meaning than the committee, which is only indirectly concerned with it. The rule that the construction given a statute by the agency responsible for its administration will be upheld if not irrational or irresponsible (Matter of Howard v Wyman, 28 NY2d 434,438; Matter of Mounting & Finishing Co. v McGoldrick, *96 294 NY 104, 108) should, therefore, support the commissioner’s interpretation rather than the committee’s. From this it follows that while an individual who has unsuccessfully sought agency disclosure under the Freedom of Information Law may properly resort to the committee, at any time, for an advisory opinion, such an opinion, though supporting his position before the agency, is neither binding upon the agency nor entitled to greater deference in an article 78 proceeding than is the construction of the agency. From the perspective of judicial review over agency determinations denying Freedom of Information Law requests, committee advisory opinions carry such weight as results from the strength of the reasoning and analysis they contain, but no more.[3]
Turning now to the merits of petitioner’s requests for access, we note that section 87 (subd 2, par [a]) exempts records that “are specifically exempted from disclosure by state * * * statute.” It is suggested that because subdivision 9 of sectipn 230 of the Public Health Law exempts proceedings and records of a committee on professional conduct “from disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided,” it does not exempt those proceedings and records from disclosure under the Freedom of Information Law. The rule of construction that specific mention of one thing impliedly excludes others is not, however, anything more than an aid to construction and “must not be utilized to defeat the purpose of an enactment or to override the manifest legislative intent” (Erie County v Whalen, 57 AD2d 281, 284, affd on App Div opn 44 NY2d 817; accord Matter of Auburn Police Local 195 v Helsby, 62 AD2d 12, 16, affd on reasoning of App Div 46 NY2d 1034; McKinney’s Cons Laws of NY, Book 1, Statutes, § 240, p 414). As is made clear by both the words “except as hereinafter provided” in subdivision 9 of section 230 of the Public Health Law and by the established rules of construction, all parts of section 230 are to be read together and interpreted with reference *97 to the scheme of the entire section (People v Mobil Oil Corp., 48 NY2d 192, 199; McKinney’s Statutes, op. cit, §§97, 98,130). So construed it is clear that the reference in CPLR article 31 (subd 9) was not a tacit exception of Freedom of Information Law requests from the confidentiality provisions of section 230 of the Public Health Law; that is, that section 230 is a State statute exempting information from disclosure within the meaning of section 87 (subd 2, par [a]) of the Public Officers Law.
The conclusion just stated follows from a reading of subdivision 9, paragraph (Z) of subdivision 10 and paragraph (a) of subdivision 11 together,[4] for together they make clear a legislative policy to protect the confidentiality of all records and proceedings of the State Board for Professional Medical Conduct and of a Committee on Professional Conduct in relation to a disciplinary inquiry or proceeding, whether patient statements, statements by doctors, or medical records of patients. Thus, by section 230 (subd 11, par [a]) the Legislature has plainly decreed that reports to the board by physicians or members of the public concerning possible misconduct “shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding except that the board, its staff, or the members of its committees may begin investigations on the basis of such reports and may use them to develop further information”; by paragraph (a) of subdivision 10, has authorized the board, by a committee, to investigate suspected professional misconduct, and required it to investigate each complaint received “regardless of the source”; and by paragraph (Z) of subdivision 10, has authorized the board or its representative to “examine and obtain records of pa *98 tients in any investigation or proceeding”, and provided that “[u]nless expressly waived by the patient, any information so obtained shall be confidential and shall not be disclosed except to the extent necessary for the proper function of the board and the New York state board of regents” and that “Any other use or dissemination by any person by any means, unless pursuant to a valid court order or otherwise provided by law, is prohibited” (emphasis supplied).[5] Petitioner suggests that the reports to the board referred to in paragraph (a) of subdivision 11, cannot be equated with investigative statements obtained as a result of such reports. The subdivisions considered together, however, expose the weakness of the attempted distinction. Reports, which are confidential (subd 11, par [a]), may and in some cases must be followed by investigation (subd 10, par [a]), which may include investigation of patients’ records (subd 10, par [£]). Not only those records, but also “any information” obtained through obtaining and examining those records is confidential (id.), and all become part of the proceedings or records of the committee protected from disclosure by subdivision 9 (cf. Matter of Marshall v State Bd. For Professional Med. Conduct, 73 AD2d 798, app den 49 NY2d 709).[6]
Petitioner argues that to the extent that the patient records he seeks are of his treatment of his patients and therefore known to him, the conclusion we reached runs contrary to logic and that, in any event, under section 89 (subd 4, par [b]) of the Public Officers Law it is respondents’ burden to show that the records sought are exempt under subdivision 2 of section 87, wherefore patients’ *99 records cannot be deemed exempted by section 230 (subd 10, par [Z]) without affirmative proof by respondents that the patients have not “expressly waived” confidentiality. The short answer to the first is that the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and is neither enhanced (Matter of Fitzpatrick v County of Nassau, Dept. of Public Works, 83 Misc 2d 884, 887-888, affd 53 AD2d 628) nor restricted (Matter of Burke v Yudelson, 51 AD2d 673, 674) because he is also a litigant or potential litigant. As for the second, we conclude that respondents meet their burden by showing that patients’ records are involved unless petitioner goes forward with proof that some or all of the named patients have expressly waived confidentiality. Section 230 (subd 10, par [Z] of the Public Health Law recognizes that the privilege is that of the patient and may be waived by him. It does not deal with by whom the waiver should be obtained. To read its express waiver provision as requiring that waiver be obtained by the person seeking access imposes no unusual burden upon such a person. To read that provision together with section 89 (subd 4, par [b]), of the Public Officers Law to require the board or its representative to ask each patient interviewed whether he is willing to waive is to impose an unnecessary burden not only on the investigative process but also upon the patients whose records are involved.
For the foregoing reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.

. On the res judicata point, three members of the court disagree with the transactional analysis set forth above, but concur in the result on the theory *95 that the revision of the Freedom of Information Law constituted “an intervening change in the applicable legal context” (Restatement, Judgments 2d [Tent Draft No. 4], § 68.1, subd b, and Comment c) rendering inappropriate the application of rules of preclusion (see Matter of North Manursing Wildlife Sanctuary [City of Rye], 48 NY2d 135, 142; Matter of American Bible Soc. v Lewisohn, 40 NY2d 78, 84).

. The opinion on which petitioner relies is that of the executive director of the committee. Whether the committee has delegated the advisory opinion function to the executive director is not discernible from the record.

. Matter of Sheehan v City of Binghamton (59 AD2d 808) is not to the contrary since the interpretations of the agency .and of the committee in that case were not in conflict.

. Petitioner argues that because respondents’ affirmative defense specifically pleaded subdivision 9 and made no similar reference to paragraph (Z) of subdivision 10 and paragraph (a) of subdivision 11, they cannot now rely on the latter subdivisions. The argument overlooks the first affirmative defense which pleaded full compliance with law, but more importantly overlooks the public policy for confidentiality contained in section 230, which is not waived by failure affirmatively to plead (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3018.18). Nor does the rule that a court may not rely on a ground not “invoked by the agency” (Matter of Barry v O’Connell, 303 NY 46, 50) aid petitioner in this respect for the records access officer’s denial relied upon “section 230” without limitation as to subdivision.

. In light of the underscored words it is clear that the Freedom of Information Law cannot be deemed to have “otherwise provided by law”, for so to hold would render the strong prohibitory language of the last sentence of paragraph (l) utterly meaningless and the result absurd (Matter of Sabot v Lavine, 42 NY2d 1068, 1069; Williams v Williams, 23 NY2d 592, 599; McKinney Statutes, op. cit., § 145).

. In view of our conclusion that section 230 is an exempting State statute within the meaning of section 87 (subd 2, par [a]) of the Public Officers Law, we need not consider whether the CPLE is such a statute, nor do we reach respondents’ arguments that the materials sought are in any event exempt under paragraph (b), clause (i) of paragraph (e) and paragraph (g) of that subdivision.