OPINION OF THE COURT
Thomas E. Mercure, J.
This is an article 78 proceeding to review a decision and order of the Public Employment Relations Board (PERB) dated March 20,1984. Petitioners, County of Saratoga and the Saratoga County Sheriff, are joint employers of those members of Local 846, Civil Service Employees Association (CSEA) who are members of the Sheriff’s Unit of CSEA.
Respondents submit counterclaims requesting that the decision and order of PERB dated March 20, 1984, be confirmed in all respects.
On October 18, 1983, the Saratoga County Board of Supervisors passed a resolution which directed its negotiating committee “to urge that all negotiations between the County of Saratoga and The Civil Service Employees Association unit for the Sheriff’s Department be conducted in open public sessions”. Thereafter, a committee composed of *627 members of the Board of Supervisors, together with administrators of the County, were scheduled to initiate collective bargaining with the CSEA on November 10,1983. The CSEA representative requested that members of the press present in the negotiating room be dismissed from the meeting. Upon the failure of the County’s representatives to do so, CSEA left the meeting, refusing to negotiate before the press.
Thereafter, CSEA filed an improper practice charge against the petitioners alleging a violation of section 209-a (subd 1, par [d]) of the Public Employees’ Fair Employment Act. (Civil Service Law, § 200 et seq.) A countercharge was filed by the petitioners against CSEA alleging that it had violated section 209-a (subd 2, par [b]) of the Act in failing to negotiate in good faith.
The matter was submitted pursuant to statute to an administrative law judge who decided in favor of the CSEA and against the petitioners in each case. An appeal was taken to PERB by the petitioners. The rulings of the administrative law judge were upheld by decision and order of PERB dated March 20, 1984.
Petitioners now seek to overturn the decision of PERB upon the grounds that there was an error in law since the Open Meetings Law (Public Officers Law, art 7) controls the activities of the petitioners’ negotiating committee as it is a subcommittee of a public body.
Petitioners rely principally upon an opinion by the Committee on Open Government of the Department of State which is empowered to issue advice or opinions from time to time as, in its discretion, may be required to inform public bodies and persons of the interpretation and provisions of the Open Meetings Law. (Public Officers Law, § 104.)
Respondents take the position that the determination of PERB was not arbitrary, capricious or affected by error of law, and that the Open Meetings Law does not apply to the negotiating committee nor to collective bargaining under the Taylor Law.
The law is well settled that a court cannot overturn the decision of an administrative agency which has a rational *628 basis and was not arbitrary or capricious. (Matter of Pell v Board of Educ., 34 NY2d 222.)
Although the exact question of whether or not the Open Meetings Law was intended to apply to collective bargaining under the Taylor Law has not been judicially decided in this State, PERB, in its decision, relies not only on its own prior decisions, but also upon similar interpretations in many other jurisdictions. Furthermore, PERB cites certain provisions of the Taylor Law which call for the introduction of public negotiations and input during the course of collective bargaining. It follows, therefore, that such provisions necessarily anticipate that prior negotiations would be conducted in private.
Finally, it cannot be said that PERB’s determination that the Open Meetings Law does not apply to the negotiating committee of the petitioners is not a rational interpretation. Despite the opinion of the Committee on Open Government, there is sufficient evidence that a collective bargaining session involves much more than just a meeting of a committee of a public body since it is absolutely necessary for negotiators for the employees’ representatives to participate in the meeting. The opinion of the Committee on Open Government, moreover, specifically states that it is “based solely upon the provisions of the Open Meetings Law.” The writer states that he “could not conjecture as to the sufficiency of a contention that article 14 of the Civil Service Law prohibits open meetings by the Committee.” While such an opinion may be helpful to the municipalities and the courts in interpreting a statute, it is no more binding upon PERB than it is upon the courts of the State. The Court of Appeals had occasion to deal with the weight to be ascribed to an opinion rendered by Robert J. Freeman, Executive Director of the Committee on Open Government, in his closely related capacity as Executive Director of the Committee on Public Access to Records (Public Officers Law, art 6), in Matter of John P. v Whalen (54 NY2d 89, 96), stating: “From the perspective of judicial review over Agency determinations denying Freedom of Information Law requests, committee advisory opinions carry such weight as results from the strength of the reasoning and analysis they contain, but no more.”
*629 The petitioner herein represents a plea for judicial legislation. It would have this court impose what has been variously denominated “sunshine” or “public view” bargaining upon the public sector labor relations community. It seeks to do this in the absence of any legislative amendment to the Taylor Law, which governs public sector labor relations, and in the absence of any specific provision to that effect in the Open Meetings Law.
Despite the fact that the Open Meetings Law took effect over seven years ago, the instant case is one of first impression in the courts of this State. In fact, on only one occasion, nearly five years ago, did a party raise the instant question before PERB (Matter of Town of Shelter Is., 12 PERB par 3112). This is clear evidence that neither public employers nor employee organizations have considered negotiating sessions to be covered by the Open Meetings Law. Such a long-standing practical construction by the parties affected by the statute in question should be given considerable interpretative weight. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 128.)
While the question at bar is one of first impression for New York courts, the matter of the impact of an “open meetings”, “right to know”, or “sunshine” law upon a collective bargaining statute has been considered by the courts of other States. (See State ex rel. Board of Public Utilities v Crow, 592 SW2d 285 [Mo]; Talbot v Concord Union School Dist., 114 NH 532; Bassett v Braddock, 262 So 2d 425 [Fla].) The decisions in these jurisdictions generally follow the same line of reasoning as did PERB in the decision under review herein.
It is the decision of this court that the petition herein be dismissed and that the cross petition to confirm and enforce, in all respects, the determination of the respondent Public Employment Relations Board, dated March 20, 1984, be granted.