SECOND DEPARTMENT, JULY, 1986

(July 3, 1986)

■ In the Matter of COUNTY OF WESTCHESTER et al., Appellants, v THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.—In consolidated proceedings pursuant to CPLR 2304 and Public Health Law § 2306 to quash subpoenas duces tecum, the petitioners separately appeal from a judgment of the County Court, Westchester County (Nicolai, J.), dated June 25, 1986, which denied the applications.

Judgment affirmed, without costs or disbursements.

The People and certain of the defendants in a pending criminal action have sought production of records regarding sexually transmissible disease test results for certain named individuals. Under the specific facts of this case, we hold that the trial court properly ruled that such production is not barred.

The defendants in the criminal action stand accused of various sexual offenses allegedly perpetrated upon young children enrolled in a day care facility operated by defendants

1

Jeanette and Harold Martin. It is undisputed that several of those children were found to have been suffering from a sexually transmissible disease. Public Health Law § 2306 provides as follows:

"§ 2306. Sexually transmissible diseases; reports and information, confidential

"All reports or information secured by a board of health or health officer under the provisions of this article [Public Health Law art 23] shall be confidential except in so far as is necessary to carry out the purposes of this article".

The People take the position that the existence of sexually transmissible disease in these children corroborates the evidence of sexual abuse, and the children and their parents have consented to disclosure of the children's medical records. Thus, testimony by treating physicians and various laboratory reports were presented to the Grand Jury and copies of available medical reports were then disclosed to the defendants pursuant to a demand to produce.

The sexually transmissible disease issue was presented at the trial, first, by testimony of the children and their parents as to the symptoms manifested by the children and, later, by testimony of the county microbiologist who actually performed laboratory tests upon specimens from the children. Indeed, during the course of the trial, when this latter witness was unable to testify from independent recollection, photostatic copies of the laboratory records were offered into evidence by the People. Upon objection by the defense that such copies were not the best evidence and were perhaps incomplete, the court directed that all counsel be accorded an opportunity to inspect the original laboratory reports and records for comparison with the copies. After such inspection, the People and certain of the defendants issued subpoenas duces tecum for production of the medical records in question. At that point, for the first time, the County of Westchester and its departments of health and laboratories and research, and the New York State Department of Health raised the cloak of confidentiality created by Public Health Law § 2306 by moving to quash the subpoenas duces tecum. The trial court denied the applications. We affirm.

In *Matter of Grattan v People* (65 NY2d 243), the Court of Appeals quashed Grand Jury subpoenas for the production of records held by the Albany County Bureau of Sexually Transmissible Diseases concerning a 16-year-old girl who had been interviewed by the bureau regarding certain sexual contacts.

Finding that the benefit of the mandate of confidentiality contained in Public Health Law § 2306 was not limited to the disease sufferer, and that there was a public interest "that the program have the appearance of inviolable trust" *(Matter of Grattan v People, supra,* p 246), the court held that the individual's consent to disclosure of records would not necessarily suffice to override the statutory confidentiality. The court also held insufficient the People's showing that the identity of the child's sexual contacts could not be procured by less intrusive means.

Unfortunately, in the case at bar, it appears that the statutory purpose has already been frustrated in that the cloak of confidentiality has been repeatedly breached. To prevent any prejudice resulting from this disclosure, the trial court properly exercised its discretion, in the interest of justice, to deny the applications to quash the subpoenas. We note that the trial court has also ruled that any privileged information contained in the laboratory reports and the names of sexual contacts, if listed therein, be deleted prior to disclosure. Thus, it is only the sexually transmissible disease results of the children and various members of their families which will be made available. We anticipate that the court will accord the same close scrutiny to the information and the consequences of public disclosure when requested to actually admit any such information into evidence.

Finally, we would hope that the petitioners and their employees, as well as the People, will be more sensitive in the future to their responsibilities regarding the confidentiality of the information here disclosed in violation of Public Health Law § 2306. It is only because of the particular circumstances at bar that we permit the disclosure requested by the parties. However, we believe strongly that the public policy of confidentiality as set forth in Public Health Law § 2306 should and must be maintained *(Matter of Grattan v People, supra).* Mollen, P. J., Mangano, Thompson, Brown and Rubin, JJ., concur.