OPINION OF THE COURT
Laura E. Drager, J.
Defendant, a physician licensed to practice medicine in New *464 York State, stands before the court charged with the crime of menacing (Penal Law § 120.15). It is alleged that on May 3, 1989 at 5:00 p.m. at 600 6th Avenue in New York County, the defendant pointed a gun at one Mario Vincenzino and said "don’t move” and "next time I’ll fill you full of holes.” Defendant was arraigned on this charge on May 23, 1989.
On September 15, 1989 defendant learned that a complaint regarding the May 3rd incident had been filed against him with the State Board for Professional Medical Conduct (the Board), a subdivision of the New York State Department of Health. Defendant reasonably believes the complaint with the Board was filed by Mr. Vincenzino, the complainant in the criminal action.
On October 5, 1989, in preparation for trial on the criminal matter, defense counsel served a subpoena duces tecum on the New York State Department of Health, requesting "statements, reports or complaints made by Mario Vincenzino to the New York State Department of Health, Office of Professional Medical Conduct, concerning an incident involving Dr. George Calvosa, occurring on May 3, 1989 at 5:00 p.m. at 600 6th Avenue, New York.” The New York State Attorney-General on behalf of the Department of Health moved to quash the subpoena. It is that motion which is before this court for decision.
Section 230 of the Public Health Law sets forth the procedures for conducting professional conduct hearings for physicians. The Attorney-General’s office in its motion to quash relies on the particularly strict confidentiality provisions of that section. This provision provides that physicians and other medical personnel and organizations must, "and any other person may, report to the board any information * * * which reasonably appears to show thát a physician is guilty of professional misconduct as defined in section sixty-five hundred nine of the education law. Such reports shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding” (Public Health Law § 230 [11] [a] [emphasis added]).
The Court of Appeals upheld a strict construction of the confidentiality provisions of Public Health Law § 230, specifically finding that "they make clear a legislative policy to protect the confidentiality of all records and proceedings of the State Board for Professional Medical Conduct and of a Committee on Professional Conduct in relation to a disciplinary *465 inquiry or proceeding, whether patient statements, statements by doctors, or medical records of patients.” (Matter of John P. v Whalen, 54 NY2d 89, 97 [1981]; see also, Matter of Marshall v State Bd. for Professional Med. Conduct, 73 AD2d 798 [4th Dept 1979]).
Despite this apparent prohibition against releasing these records, cases suggest that under certain circumstances disclosure may be permitted. The court in Whalen (supra) noted that, pursuant to Public Health Law § 230 (10) (1), a patient, whose medical records were obtained for a Board proceeding, may be found to have waived the confidentiality privilege, although it would be up to the doctor seeking the records to provide affirmative proof of such waiver. (54 NY2d, at 98-99.)
Expanding on this reasoning, the First Department allowed disclosure at a Board hearing of the prior complaints made to the Board against a doctor by complainants who testified against him at the hearing. (Matter of Doe v Axelrod, 123 AD2d 21 [1st Dept 1986].) In that case four patients alleged that a doctor had sexually abused them. Each testified at the hearing in the presence of the doctor. After their appearances, the doctor sought their prior complaints for cross-examination purposes. The Department vigorously opposed the doctor’s request relying on Public Health Law § 230 (11) (a). In ruling against the Department, the court noted (at 29-30):
"Petitioner does not seek a full public disclosure of the complaints, so as to embarrass or otherwise compromise the complainants. Rather, he seeks the basic right to confront his accusers with a modicum of preparation with regard to these complaints about acts which allegedly took place from 5 to 15 years earlier * * *
"Respondent relies upon section 230 (11) (a), which provides confidentiality for any report of professional misconduct by a physician, given to the State Board. Respondent argues that this permits him to protect the confidentiality of any data previously supplied by the complaining witnesses. This is a misinterpretation of the statute. The content of subdivision (11) (a) does not clearly indicate that the purpose of the confidentiality referred to is to protect the complaining source. Indeed, it would appear that when a complaint is made against a physician, the first concern is to protect the reputation of that professional until such time as charges of misconduct are proven against him. This is especially true in the case where the complaining witnesses have come forward and *466 identified themselves in petitioner’s presence. Under such circumstances, it would appear that the complaining witnesses have waived a claim of confidentiality in the face of petitioner’s limited request for disclosure [citing Matter of John P. v Whalen, supra]”.[1]
In a very different context, a malpractice suit, the Fourth Department in dicta would have allowed disclosure of a doctor’s testimony before a committee for professional conduct for impeachment purposes at trial. The trial court refused to permit the use of the testimony pursuant to the confidentiality provision of Public Health Law § 230 (9). However, the appellate court found that since plaintiff’s counsel knew of the doctor’s testimony because the counsel had represented another physician charged with misconduct "plaintiff was not seeking to discover the testimony, but rather to impeach defendant with it” (Fallon v Loree, 136 AD2d 956, 957 [4th Dept 1988]).
Under another provision of the Public Health Law with an even stronger confidentiality provision the Court of Appeals has at least left open the possibility of disclosure. In Matter of Grattan v People (65 NY2d 243 [1985]) the court focused its attention on Public Health Law § 2306 which requires confidentiality of records pertaining to sexually transmissible diseases. The court granted a motion to quash a subpoena duces tecum for the records of a 16-year-old sex crimes victim even though she had consented to the records being released. The court held "in view of the public interest that the program have the appearance of inviolable trust, an individual’s consent to release of records will not in every case be sufficient to override the statutory confidentiality”. (65 NY2d, at 246 [emphasis added].) Subsequently, in Matter of County of Westchester v People (122 AD2d 1, 3 [2d Dept 1986]) under the unique circumstances of that case, the court found that since the "cloak of confidentiality had been repeatedly breached” in an investigation and trial of sex abuse of children it upheld the trial court’s issuance of a subpoena for the Department of Health’s records of sexually transmissible diseases for the children.
In the case before this court, the defense has provided *467 sufficient affirmative proof that complainant expressly waived confidentiality. (Matter of John P. v Whalen, 54 NY2d 89, supra.) Defendant’s subpoena is limited in scope to the incident that is the subject of the criminal proceeding and only to the complainant’s own statements (cf., People v Snyder, 129 Misc 2d 137 [Sup Ct, Erie County 1985]). The complainant disclosed the facts of this incident to the police and District Attorney apparently before bringing the matter to the Board’s attention. Therefore, any statement made by the complainant to the Board regarding this incident can hardly be considered confidential.
The inquiry does not end here, however, because apart from protecting an individual complainant, the court must also be concerned with protecting the legislative policy mandating the confidentiality of the Board’s process so as to encourage individuals to come forward with complaints.
In cases involving other statutes with confidentiality provisions, the courts have generally conducted an in camera review to determine if the records should be disclosed. Even where the confidentiality provisions are less stringent than here, courts have been reluctant to turn over records unless defendant’s constitutional right of confrontation and due process rights outweigh the need for confidentiality. (People v Gissendanner, 48 NY2d 543 [1979]; Pennsylvania v Ritchie, 480 US 39 [1987]; People v Reidout, 140 Misc 2d 632 [Sup Ct, Bronx County 1988]; People v Price, 100 Misc 2d 372 [Sup Ct, Bronx County 1979]; People v Harder, 146 AD2d 286 [3d Dept 1989].)
The defense has made a sufficient showing to establish that the records, if they exist, may be relevant to its case. An in camera review will enable this court to determine whether defendant’s constitutional rights require the release of any portion of those records, while at the same time preserving confidentiality of the records to the extent possible.[2]
The Department of Health is therefore ordered to deliver the records sought in the subpoena duces tecum for an in camera inspection by this court tp determine if any of those *468 records should be released to the defense.[3] To assist the court in its review, the Assistant District Attorney assigned to the prosecution of this case is ordered to turn over to the court all police records and Rosario or Brady material in this case.
The foregoing constitutes the decision and order of the court.[4]

. Admittedly, the Doe decision (123 AD2d 21). limited the use of the prior complaints to within the confines of a confidential proceeding. However, since the complainant in this case first went to the police thereby making his complaint public of his own volition, the concern for protection of the witness is not the same as might otherwise be the case.

. Defendant is not entitled to a direct review of the records by his counsel. "Although the eye of an advocate may be helpful to a defendant in ferreting out information [citation omitted], this Court has never held — even in the absence of a statute restricting disclosure — that a defendant alone may make the determination as to the materiality of the information.” (Pennsylvania v Ritchie, 480 US 39, 59.)

. The Attorney-General’s office will be advised before this court releases any of the subpoened material to the defense.

. The Attorney-General’s office advised the court that it intended to appeal this decision. Prior to doing so, however, the defendant pleaded guilty to harassment (Penal Law §240.25). Consequently, no appeal was filed.