■ HENRY AND WARREN CORPORATION, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Health of the State of New York, dated November 25, 1987, which, after a hearing, denied the petitioner's application to increase the capital cost components of the Cobble Hill Nursing Home's Medicaid reimbursement rates.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to petitioner's contention, the Commissioner's decision to rely upon departmental audits in arriving at the historical cost of the facility which houses the nursing home operated by the petitioner is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181), and thus resort to the comparative analysis approach was unnecessary *(see,* 10 NYCRR 86-2.21 [a] [6]; [g]). The facility in question was comprised of two buildings built in 1966 and 1972, respectively. In determining the cost of the 1966 building, the New York State Department of

Health relied on the cost report submitted by the operator of the facility and an audit report performed by a Department auditor which accepted the figure submitted by the operator. Given that the uniform policy of the Department had been to accept the costs submitted by facilities pertaining to buildings built prior to 1967, a policy which was neither irrational nor irresponsible *(see, Matter of John P. v Whalen,* 54 NY2d 89), the audit report relied upon was properly deemed satisfactory by the Commissioner.

The audit upon which the historical cost of the 1972 building was based was also properly deemed satisfactory by the Commissioner. Although one of the employees of the Department had sent a memorandum to his supervisor in 1981 asserting that the records would not permit a determination of construction costs by audit, the audit supervisor testified that despite the memorandum, there were sufficient records to support the construction cost audit performed on the 1972 building by the Department. The Administrative Judge's decision to credit the testimony of the audit supervisor and the Commissioner's acceptance of that decision is largely unreviewable by this court, since the duty of weighing the evidence rests solely upon the administrative agency *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). On this record, it cannot be said that this administrative decision was unsupported by substantial evidence *(see, Matter of Collins v Codd,* 38 NY2d 269, 270).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.