■ 400 EAST 54TH STREET GARAGE CORP., Petitioner, v MARK GREEN, as Commissioner of the City of New York Department of Consumer Affairs, Respondent.

Petitioner is licensed to operate a parking garage which has a maximum capacity of 140 cars. On September 1, 1988, inspectors from the respondent Department of Consumer Affairs visited this garage and, after the inspection, issued a Notice of Violation citing the petitioner for storing vehicles in excess of the garage's lawful capacity, in violation of section 20-327 of the Administrative Code of the City of New York. After a hearing, the Hearing Officer found petitioner guilty of storing 17 vehicles in excess of the licensed maximum capacity, and imposed a fine of $150 per vehicle over the maximum for a total monetary sanction of $2,550. An administrative appeal was denied and the IAS court transferred this matter to us, for disposition, pursuant to CPLR 7804 (g).

Initially, we note that the determination was supported by substantial evidence. While the petitioner contends that the inspectors improperly counted cars in another, connected garage to reach the total of 157 vehicles, Inspector Chacko testified that he counted 157 cars in one garage. Additionally, both inspectors testified that if there were two separate garages, they would have ascertained a boundary line dividing the garages, before beginning the inspection, and would not have included the vehicles in the other garage in their count.

Petitioner also asserts that the inspection conducted on September 1, 1988, less than six months after the prior inspection on March 7, 1988, violated General Regulation 15 promulgated by the respondent Department, which provides, in pertinent part, "[i]nspections of the type described above will be conducted at least once in every two-year period, and additional inspections will be conducted if an inspection reveals alleged violations * * * Additional inspections shall also be conducted whenever the department receives information alleging violation".

In its use of the phrase "at least once in every two-year period", the Regulation sets a minimum for the number of inspections to be conducted. The fact that the Regulation sets

forth two situations where additional inspections "will" and "shall" be conducted does not limit the respondent in the number of discretionary inspections it may conduct in the two-year period. This interpretation by the respondent of its own Regulation, just as the construction given a statute by the agency responsible for its administration, will be upheld if not irrational or irresponsible. *(See, Matter of John P. v Whalen,* 54 NY2d 89, 95.)

Petitioner asserts that *Amsterdam Garage v Department of Consumer Affairs* (139 Misc 2d 799, *affd on opn below* 157 AD2d 460, *lv denied* 76 NY2d 701), specifically limited inspections to once per two-year period. The Supreme Court, in *Amsterdam,* determined that the statute was limited in time, place and scope, and therefore constitutional. To the extent that the court found the inspections limited to "once per each two-year period" *(supra,* at 804), such a finding was unnecessary to its determination, and not adopted by us. Concur— Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.