■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FIGUERAS, Appellant. [606 NYS2d 237] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered September 5, 1989, convicting him of murder in the second degree (two counts), burglary in the second degree, arson in the third degree, and burglary in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying suppression of his inculpatory statements to the police. The record amply supports the court's determination that the statements were voluntarily made rather than the product of coercive tactics, and we discern no basis for disturbing that determination (see generally, People v Peters, 157 AD2d 806; People v Sohn, 148 AD2d 553).

Similarly unavailing is the defendant's contention that the People failed to present legally sufficient evidence of the element of intent to kill so as to support his conviction of intentional murder. Viewing the evidence adduced at trial, including the defendant's various inculpatory statements and the number and extent of the injuries inflicted upon the victim, in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

Moreover, we reject the defendant's claim that the trial court erred in refusing to admit a copy of his videotaped confession into evidence, inasmuch as the original videotape was admitted and played for the jury. The copy of the tape proffered by the defendant was, therefore, redundant, and it was found by the court to be of inferior visual quality.

Likewise, we find unpersuasive the defendant's contention regarding the People's alleged failure to provide him with statutory notice of a statement introduced at trial through the testimony of a police detective (see, CPL 710.30). The challenged statement was merely a small part of a lengthy confession, the sum and substance of which the defendant received

notice and actually sought to suppress. Given that the challenged statement did not materially augment or differ from the noticed confession, and the defendant received a full and fair opportunity to contest the admissibility of that confession, we discern no CPL 710.30 violation (see, People v Cooper, 78 NY2d 476, 484; People v Laporte, 184 AD2d 803, 804-805; People v Holmes, 170 AD2d 534, 535).

Furthermore, the trial court did not err in denying the defendant access to the probation and presentence reports of a prosecution witness. The court properly conducted an in camera review of the reports and determined that they contained no material to which the defendant was entitled or which otherwise might be relevant at the defendant's trial (see generally, People v Harder, 146 AD2d 286; People v Calvosa, 147 Misc 2d 463; People v Reidout, 140 Misc 2d 632; People v Price, 100 Misc 2d 372; see also, Holmes v State of New York, 140 AD2d 854; People v Robinson, 87 AD2d 877).

The defendant's sentence is neither unduly harsh nor excessive (see, People v Suitte, 90 AD2d 80), nor is there any evidence to support the defendant's claim that the sentence imposed was intended to punish him for exercising his right to a trial. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.