■ In the Matter of GEORGE MIMS, Respondent, v SHELLY A.R. CHICHESTER, as Records Access Officer of Bronx County District Attorney's Office, Appellant. [722 NYS2d 30] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about December 1, 1999, which, in a proceeding pursuant to the Freedom of Information Law (FOIL) to compel respondent records access officer of the Bronx County District Attorney's Office to produce certain records related to the indictment underlying petitioner's conviction of certain crimes, insofar as appealed from, denied respondent's motion to dismiss the action for failure to state a cause of action, unanimously affirmed, without costs.

Respondent argues that, under the so-called "communications privilege" or "anti-contact rule" of Code of Professional Responsibility DR 7-104 (22 NYCRR 1200.35), she is prohibited from directly communicating with petitioner, and therefore from responding to his FOIL request, since he is represented by an attorney in a pending appeal of his conviction, his request concerns the subject of that representation and his attorney

has refused to waive the anti-contact rule for purposes of the FOIL request or join in the request. The motion court rejected this argument on the ground that "responding [to the request] would not require Respondent to have any communication or discussions with Petitioner concerning his ongoing appeal of the criminal matter." On appeal, respondent argues that the motion court's ruling will require her, in every case in which the requester's attorney does not waive the anti-contact rule or adopt the request, to seek a judicial determination as to whether discussions are needed. This unacceptable burden is said to result because "the scope of necessary communication" cannot be known at the time any given request is made, creating in every case a "great potential for inadvertent release" by the requester of information beneficial to the prosecution's claims in the criminal proceeding. We reject these arguments. First, "the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and is neither enhanced * * * nor restricted * * * because he is also a litigant or potential litigant" (*Matter of John P. v Whalen*, 54 NY2d 89, 99 [citations omitted]). Thus, petitioner's status as a criminal defendant under prosecution by her office is not, in and of itself, a legitimate concern for respondent. While the criminal prosecution and FOIL request may involve the same "subjects," they are clearly different "matters" within the meaning of the anti-contact rule. Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.