In the Matter of JACK P. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOI Q., Appellant. [914 NYS2d 406]—

Rose, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered September 17, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of Jack P. (born in 2000) and Justin P. (born in 1995). After a fact-finding hearing, Family Court determined that she neglected the children by inflicting excessive corporal punishment. Following a dispositional hearing, temporary custody was awarded to the nonparty father and judgment against respondent was suspended for one year upon terms and conditions. The order of disposition, however, was

subsequently vacated upon the consent of all parties. Respondent also consented to an order awarding custody to the father in a separate proceeding. Respondent now appeals the finding of neglect.*

Initially, Family Court did not abuse its discretion by denying respondent's motion for a subpoena of Justin's probation records. Respondent sought the subpoena based upon her allegation that Justin had made a statement disavowing his accusations against respondent while being interviewed by the Probation Department. Family Court reviewed the records in camera as specifically requested by respondent, and determined that they did not contain any statements made by either child. Accordingly, we see no reason to disturb Family Court's determination (see People v Figueras, 199 AD2d 409, 410 [1993], lv denied 83 NY2d 804 [1994]; Mahoney v Staffa, 168 AD2d 809, 809-810 [1990]).

Nor do we find any basis for disturbing Family Court's decision to proceed on the third day of this four-day fact-finding hearing when respondent alleged that she was unable to attend because of back pain. A litigant does not have an absolute right to be present at all stages of a civil proceeding, including a Family Ct Act article 10 proceeding (see Matter of Robert U., 283 AD2d 689, 690 [2001]). Pursuant to Family Ct Act § 1042, "[i]f the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under this article only if the child is represented by counsel." Here, the children were represented by counsel and Family Court subsequently reopened the proceeding to allow respondent to testify. Given these circumstances, including respondent's prior failure to appear and the record of her disregard for the directives of the court, we find no abuse of discretion (see Matter of Starcy G., 13 AD3d 532, 532-533 [2004]; Matter of Andrew MM., 279 AD2d 654, 655-656 [2001]).

Finally, while a parent may use reasonable corporal punishment to promote discipline, the preponderance of the evidence in this case supports Family Court's conclusion that the punishment inflicted by respondent was excessive. There was testimony that respondent regularly slapped, hit and punched the children

---

* To the extent that respondent's arguments challenge the disposition, they have been rendered moot by Family Court's subsequent vacatur (see Matter of Mary Kate VV., 59 AD3d 873, 874 n [2009], lv denied 12 NY3d 711 [2009]). The neglect adjudication, however, was not vacated and is subject to our review, as it is "a permanent and significant stigma" that may affect a parent's status in future proceedings (Matter of James HH., 234 AD2d 783, 783 [1996], lv denied 89 NY2d 812 [1997] [internal quotation marks omitted]).

out of anger, screamed at them, and humiliated them with disparaging epithets and obscenities, and the children feared her. As an example, Justin, who is legally blind in his right eye as a result of a detached retina, testified to a laundry room incident when respondent slapped him and pushed him, causing the right side of his head to hit the wall. In a rage, she then forced him to the ground and pounded him with her fists. Jack witnessed the incident and testified that it scared him and made his stomach hurt. According Family Court the great deference that it is due, given its advantage in viewing the witnesses and assessing their demeanor and credibility, we conclude that sufficient evidence in the record supports the finding that respondent neglected the children (*see Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]; *Matter of Mary Kate VV.*, 59 AD3d at 875-876; *Matter of Omavi A. [Jaimyce A.]*, 68 AD3d 1463, 1464-1465 [2009]; *Matter of Aaliyah Q.*, 55 AD3d 969, 971 [2008]).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.