Matter of Arra L. (Christine L.) (2020 NY Slip Op 02829)





Matter of Arra L. (Christine L.)


2020 NY Slip Op 02829


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

527296

[*1]In the Matter of Arra L. and Others, Alleged to be Neglected Children. Tioga County Department of Social Services, Respondent; Christine L., Appellant.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Lisa K. Miller, McGraw, for appellant.
Peter J. DeWind, County Attorney, Owego (Mari K. Townsend of counsel), for respondent.
Alena E. Van Tull, Binghamton, attorney for the children.



Devine, J.
Appeal from an order of the Family Court of Tioga County (Morris, J.), entered July 18, 2018, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to vacate a prior order.
Respondent is the mother of four children (born in 2001, 2003, 2005 and 2007), and petitioner commenced this proceeding alleging that she had neglected them. Respondent attended several court conferences without the benefit of counsel until, in April 2018, she was absent without explanation for a conference. Upon petitioner's application, Family Court declared respondent in default and issued an order adjudicating her to have neglected the children. Respondent thereafter moved to vacate the default order of fact-finding. Family Court denied the motion and respondent appeals.[FN1]
We reverse. A parent has a right "to be present at every stage of" a Family Ct Act article 10 proceeding as a matter of due process, but that right "is not absolute" (Matter of Elizabeth T., 3 AD3d 751, 753 [2004]; see Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1501 [2019], lvs denied 34 NY3d 904 [2019]; Matter of Lindsey BB., 70 AD3d 1205, 1207 [2010]). Family Ct Act § 1042 provides that "a court may proceed with a hearing . . . in a parent's absence, so long as the subject child is represented by counsel, and the absent parent may thereafter move to vacate the resulting order and schedule a rehearing" (Matter of Jack NN. [Sarah OO.], 173 AD3d at 1501; see Matter of Jack P., 80 AD3d 812, 813 [2011], lv denied 16 NY3d 710 [2011]). Vacatur of that order would ordinarily be warranted if, upon motion, the parent demonstrated "a meritorious defense to the petition, unless . . . [he or she] willfully refused to appear at the hearing" (Family Ct Act § 1042; see Matter of Lila JJ. [Danelle KK.], 180 AD3d 1169, 1170 [2020]; Matter of Keith A.H. [Andrew H.], 180 AD3d 902, 903-904 [2020]). If the parent demonstrates that the default itself resulted from a deprivation of his or her "fundamental due process rights," however, the default is a nullity and no showing of a meritorious defense is required (Matter of Sonara HH. [Robert HH.], 128 AD3d 1122, 1124 [2015], lvs dismissed 25 NY3d 1220, 1221 [2015]; see Matter of King v King, 167 AD3d 1273, 1274 [2018]; see also Notaro v Performance Team, 161 AD3d 1093, 1095 [2018]).
In respondent's motion to vacate the default order of fact-finding, she explained her absence from the conference, but failed to set forth a meritorious defense. That said, although respondent was arguably on notice of the April 2018 conference, she did not receive notice that a potential fact-finding hearing might be conducted at it so as to satisfy due process (see Matter of Sonara HH. [Robert HH.], 128 AD3d at 1124; cf. Matter of Ritter v Moll, 148 AD3d 1427, 1428 [2017]). Indeed, despite the references in the order of fact-finding to an inquest, there is no dispute that Family Court departed from "the proper course" of conducting a hearing in respondent's absence by accepting the allegations in the petition as proven by virtue of respondent's default (Matter of Cassandra M., 260 AD2d 961, 963 [1999]; accord Matter of Lila JJ. [Danelle KK.], 180 AD3d at 1171). It would offend due process to hold that respondent "default[ed] in attending a hearing that she did not know was going to happen and did not, in fact, happen" (Matter of Lila JJ. [Danelle KK.], 180 AD3d at 1171). Thus, notwithstanding the failure of respondent to articulate a meritorious defense, Family Court abused its discretion in denying respondent's motion.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted and matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Intermediate orders like the one at issue here are appealable in Family Ct Act article 10 matters (see Family Ct Act § 1112 [a]; Matter of Krystal F. [Liza R.], 68 AD3d 670, 670 [2009]). Inasmuch as the parties' rights would still be directly affected by vacatur of the fact-finding order, we do not agree with petitioner and the attorney for the children that the eventual dispositional order, agreed to by the parties, had any impact upon that appealability (compare Matter of Ahriiyah VV. [Rebecca VV.], 160 AD3d 1140, 1141 n [2018], lv denied 31 NY3d 911 [2018], with Matter of Ameillia RR. [Megan SS.], 95 AD3d 1525, 1526 [2012]).