■ In the Matter of RIVERSIDE EQUITIES LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [740 NYS2d 21] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered October 4, 2000, which denied the petition to review an administrative denial of an application for a major capital improvement (MCI) rent increase and dismissed this proceeding, unanimously reversed, on the law, without costs, the petition granted, and the application approved with respect to MCI credit for (1) the full cost of repiping the building and (2) the sum of $6,088 paid by petitioner as part of the cost of installing a new oil burner.

The Rent Stabilization Code provides for adjustment to legal regulated rent on the basis of major capital improvements

which are building-wide in nature (*Matter of Garden Bay Manor Assoc. v New York State Div. of Hous. & Community Renewal*, 150 AD2d 378) and inure to the benefit of all tenants in the building (9 NYCRR 2522.4 [a] [2] [i] [c]). An MCI increase will not be granted if the work has been performed in a piecemeal fashion and is not completed within a reasonable period of time (*Matter of West Vil. Assoc. v Division of Hous. & Community Renewal*, 277 AD2d 111, 114). In order to demonstrate that such applications are based on other than routine repair and maintenance, it must be shown that the work was performed as part of a unified plan or consecutively timed project.

The MCI increase was rejected on the ground that the repiping of the building extended sporadically over a four-year period. Petitioner points to the fact that the original contract, in late 1993, called for repiping of the entire building, and while no time frame was established in the contract, it did set forth a schedule of six milepost payments in the amount of $42,500 each. By April 1995, however, petitioner's predecessor stopped making payments on the realization that the contractor, suffering financial reverses, would not be able to complete the job. A new contractor was hired in September 1997 to finish the work, on a similarly phased payment schedule. It should be noted that two post-approval amendments were filed with, and approved by, the Department of Buildings during the hiatus, in November 1995 and May 1996.

We conclude, on this record, that this work was indeed performed pursuant to a unified plan. The interruption was due to circumstances beyond the control of petitioner or its predecessor, and there is no indication of any intention to abandon the project, let alone to conduct the work in a piecemeal fashion over an unspecified period of time.

With respect to the oil burner, the contract for its installation is not contained in the record before us, but respondent does not dispute that the total cost was $30,444, to be paid in six installments. All that is in issue here is the claimed MCI credit for one of those payments to the installer in the amount of $6,088, which was rejected for failure to provide sufficient evidence in the form of a "canceled check." On the petition for administrative review, petitioner resubmitted its copy of the same check it had earlier submitted. The decision after administrative review simply ignored the point, focusing entirely on the repiping issue.

Respondent now maintains that the Rent Administrator was justified in rejecting check No. 720008 because it "differed from

the other checks the owner had submitted. On each of the other checks, the amount deducted or cleared from the drawer's account appears in the corner of the check below the drawer's name. Check No. 720008 is missing this important information which, upon information and belief raises a question as to whether payment was actually made."

Examination of the check in question* wholly rebuts this contention. Drawn on petitioner's account at the Citibank branch at Broadway and 86th Street in Manhattan, the check was dated September 2, 1997, in the amount of $6,088, payable to A.P. Laudato Co. in College Point, New York. It bears the payee's direct-deposit endorsement on the back, as well as the bank's encoded deposit annotation on the front and back, confirming deposit into the account identified in the endorsement, apparently at another Citibank branch, on the same date that the check was drawn. In the face of all these indicia of presentation, negotiation and routine acceptance by the bank, the record is devoid of any basis for the Rent Administrator to have rejected the check copy submitted as competent evidence of an MCI-qualified payment. The fact that "the corner of the check below the drawer's name" did not bear any additional data as to the status of petitioner's account with Laudato has no relevance to the validity of the canceled check as an effective payment. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Friedman, JJ.

---

* We are unable to compare it with the other checks in this series, inasmuch as none of the others has been included in the appellate record.