[963 NE2d 1250, 940 NYS2d 549]

In the Matter of TERRACE COURT, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. ROBERT KATEL et al., Intervenors-Respondents.

Argued January 3, 2012; decided February 14, 2012

## POINTS OF COUNSEL

*Duane Morris LLP*, New York City (*Thomas R. Newman* of counsel), *Wenig Saltiel & Johnson LLP*, Brooklyn (*Meryl L. Wenig* and *Arthur Birnbaum* of counsel), and *Jacob Haberman*, New York City, for appellant. I. It was arbitrary and an abuse of discretion as a matter of law, for the New York State Division of Housing and Community Renewal, contrary to its own precedents, to deny appellant, *in perpetuity*, the right to the statutorily mandated, building-wide, major capital improvement (MCI) rent increase for five of the rent-stabilized apartments, and not permit appellant to correct the small portion of the work found to be defective and then obtain the granted MCI increase, prospectively only. (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176; *Matter of Purdy v Kreisberg*, 47 NY2d 354; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Jensen v Union Ry. Co.*, 260 NY 1; *Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474.) II. The majority in the Appellate Division misconstrued Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (13), on which appellant relies, as not requiring the New York State Division of Housing and Community Renewal to apply the building-wide major capital improvement increase which it had granted to the five exempted apartments, prospectively only, after the problems that led to their exemption are corrected. (*Matter of Residential Mgt. v Division of Hous. & Community Renewal*, 234 AD2d 154; *Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal*, 76 NY2d 325; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206; *Matter of Langham Mansions, LLC v New York State Div. of Hous. & Community Renewal*, 76 AD3d 855.)

*Gary R. Connor, General Counsel, New York State Division of Housing and Community Renewal*, New York City (*Christina S. Ossi* of counsel), for respondent. The New York State Division of Housing and Community Renewal properly exercised its discretion to permanently exempt five apartments from a major capital improvement (MCI) rent increase because the record

shows that the defective conditions remained uncorrected more than 1½ years after the MCI application was filed. (*Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal,* 76 NY2d 325; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222; *Matter of Residential Mgt. v Division of Hous. & Community Renewal,* 234 AD2d 154; *Simkowitz v New York State Div. of Hous. & Community Renewal,* 256 AD2d 51; *Festa v Leshen,* 145 AD2d 49; *Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144; *Matter of Dworman v New York State Div. of Hous. & Community Renewal,* 94 NY2d 359; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal,* 147 AD2d 642; *Matter of Stork Rest. v Boland,* 282 NY 256.)

*Collins, Dobkin & Miller, LLP,* New York City (*Seth A. Miller* of counsel), for intervenors-respondents. New York State Division of Housing and Community Renewal reasonably exercised its discretion in deciding that defects in the pointing work at issue should result in denying any rent increase for the affected tenants. (*Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal,* 76 NY2d 325; *Matter of Riverton Assoc. v New York State Div. of Hous. & Community Renewal,* 15 AD3d 225; *Matter of West Vil. Assoc. v Division of Hous. & Community Renewal,* 277 AD2d 111; *Matter of Metropolitan Life Ins. Co. v New York State Div. of Hous. & Community Renewal,* 235 AD2d 354; *Matter of Cenpark Realty Co. v New York State Div. of Hous. & Community Renewal,* 257 AD2d 543; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206; *Matter of Clermont York Assoc. v Lynch,* 271 AD2d 262; *Matter of Gilman v New York State Div. of Hous. & Community Renewal,* 99 NY2d 144; *Matter of Von Bulow,* 63 NY2d 221; *Simkowitz v New York State Div. of Hous. & Community Renewal,* 256 AD2d 51.)

*Himmelstein, McConnell, Gribben, Donoghue & Joseph,* New York City (*David Hershey-Webb* of counsel), for New York State Tenants & Neighbors Coalition, Inc. and another, amici curiae. The court below correctly held that the New York State Division of Housing and Community Renewal rationally exercised its discretion in permanently exempting five apartments where the major capital improvement pointing and waterproofing work was not completed at the time the application was filed. (*Drucker*

v Mauro, 30 AD3d 37; *390 W. End Assoc. v Harel*, 298 AD2d 11; *Matter of ATM One v Landaverde*, 2 NY3d 472; *Matter of Gelston v New York State Div. of Hous. & Community Renewal*, 177 Misc 2d 431; *Manocherian v Lenox Hill Hosp.*, 84 NY2d 385; *Roberts v Tishman Speyer Props., L.P.*, 62 AD3d 71, 13 NY3d 270; *Simkowitz v New York State Div. of Hous. & Community Renewal*, 256 AD2d 51; *Matter of Whitehouse Estates v New York State Div. of Hous. & Community Renewal*, 5 AD3d 190; *Matter of Langham Mansions, LLC v New York State Div. of Hous. & Community Renewal*, 76 AD3d 855.)

*Borah, Goldstein, Altschuler Nahins & Goidel, P.C.*, New York City (*Paul N. Gruber* and *David B. Carera* of counsel), for Community Housing Improvement Program of New York City and another, amici curiae. Permitting an owner to receive a major capital improvement increase but suspending its collection in order to address individual isolated apartment issues is consistent with New York State Division of Housing and Community Renewal policy, furthers the purpose of the rent laws and represents sound policy. (*Matter of Langham Mansions, LLC v New York State Div. of Hous. & Community Renewal*, 76 AD3d 855; *Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal*, 305 AD2d 207; *Matter of Peckham v Calogero*, 12 NY3d 424; *Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588; *Matter of Lantry v State of New York*, 6 NY3d 49; *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516; *Matter of Carol Mgt. Corp. v Commissioner of State of N.Y. Div. of Hous. & Community Renewal*, 140 Misc 2d 673; *Sutherland v WP Owners Corp.*, 245 AD2d 382.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this appeal we consider whether the Division of Housing & Community Renewal (DHCR) is authorized to grant a major capital improvement rent increase while at the same time permanently exempting particular apartments from the obligation to pay additional rent when circumstances warrant. We hold that DHCR has been granted such authority and, on this record, it was not arbitrary or capricious for DHCR to permanently exempt five apartments.

Petitioner Terrace Court, LLC is the owner of a residential apartment building located at 202 Riverside Drive in Manhattan. The building contains 91 apartments, 37 of which are rent

regulated. Terrace Court spent approximately $1.2 million to upgrade the building, which project involved pointing work and the replacement of masonry, lintels and parapets.

An owner of rent-regulated apartments may seek to pass along the costs of a "major capital improvement" (MCI) to its tenants by filing an application with DHCR once the work is completed (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511 [c] [6] [b]; Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i]). In May 2004, Terrace Court applied to DHCR to increase the rents of its regulated apartments on the basis that the construction project qualified as an MCI. It sought an additional $42.58 per month for each room in the 37 apartments. Some tenants objected to the proposal because the construction work had resulted in water from the exterior of the building seeping into their apartments and these conditions had not been rectified.

The tenants' association sent affidavits to DHCR, including a report from an architect who inspected the building and found that the leaks were consistent with water intruding from outside the building. The association also informed DHCR that the Department of Buildings issued a violation to Terrace Court in November 2004 regarding water-damaged apartments and alleged that the owner had not adequately performed the work on the building's facade. Terrace Court maintained that the project had been properly completed (it submitted reports from its experts to corroborate this claim) and that, in any event, it had addressed the tenants' complaints. The owner also advised DHCR that the violation from the Department of Buildings had been dismissed because the water in the identified apartments had been caused by a bathroom leak on an upper level of the building.

In September 2005, approximately 16 months after submission of the MCI application, a DHCR inspector and a Terrace Court employee inspected five allegedly damaged apartments. Each of these residences had walls in various states of disrepair and exhibited staining, discoloration, blistering or cracking. Actual moisture was detected in two of the apartments.

The Rent Administrator granted Terrace Court's MCI application in December 2005 and raised the monthly rents by $40.20 per room. The order, however, permanently exempted the five inspected apartments from the increase based on the tenants' complaints and the agency's inspection. Terrace Court

filed a petition for administrative review (PAR) challenging the inspector's findings and claiming that DHCR lacked the authority to permanently exempt the five apartments. It asserted that the increases related to those residences should have been temporarily suspended until the problems were resolved. DHCR denied the PAR and determined that the permanent exemption for the five apartments was appropriate because the water conditions "existed in the apartments when work was completed just prior to the owner's filing of the application for an MCI rent increase" and the apartments still exhibited water damage at the time of the DHCR inspection.

Terrace Court then commenced this CPLR article 78 proceeding, asserting that it was arbitrary and capricious for DHCR to permanently exempt the five apartments from the rent adjustment. The tenants of the exempted apartments intervened in the proceeding and Supreme Court denied the petition. The court concluded that the imposition of permanent exemptions was supported by DHCR's "determination that the pointing work was not done effectively for the five exempted apartments" (2008 NY Slip Op 32125[U], *5 [2008]).

The Appellate Division affirmed, with two Justices dissenting (79 AD3d 630 [1st Dept 2010]). It held that DHCR acted rationally and did not abuse its discretion as there was ample proof that the pointing work had not been performed properly with regard to the exempted apartments. The court found that no regulation, DHCR policy or judicial precedent limited the agency to denying an MCI increase in its entirety or granting a temporary suspension of the adjustment. The Appellate Division further observed that there can be instances in which DHCR may have "ample reason to believe that [a] landlord would make (or had made) the necessary repairs in a diligent fashion" but that, on the record in this case, the agency "did not believe that [Terrace Court] intended in good faith to address the situation, especially after it vociferously denied the existence of a problem and then engaged in unsuccessful efforts to fix it" (79 AD3d at 635).

The dissenters found no rational basis for the permanent exemption of the five apartments because such a determination was alleged to be inconsistent with DHCR's preexisting policy of temporarily suspending an MCI increase for apartments until necessary repairs are made and, in this case, the agency had not provided an adequate justification for departing from that practice.

Terrace Court appealed to this Court as of right and now challenges DHCR's decision to permanently exempt the five apartments as arbitrary and capricious, and violative of the agency's settled policy to temporarily suspend MCI increases until repairs are completed. According to the owner, temporary suspensions are mandated by a regulation and DHCR's action was unreasonable as a matter of law in the absence of an explanation by the agency regarding its departure from precedent.

It is true, as a general proposition, that administrative agencies are required to follow their own precedent (*see e.g. Matter of Lantry v State of New York*, 6 NY3d 49, 58 [2005]) and an agency that deviates from its established rule must provide an explanation for the modification so that a reviewing court can "determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]). The failure to provide a justification for the change requires reversal even if there is substantial evidence to support the agency's determination (*see id.*).

Here, DHCR did not abandon this principle as its prior determinations in similar cases were not restricted to temporary suspensions. There have been at least several instances where the agency granted an MCI rent increase along with permanent exemptions for particular apartments, rather than issuing temporary suspensions.[1] In one such case, DHCR disagreed with the Rent Administrator's decision to temporarily suspend an MCI increase and instead imposed permanent exemptions.[2] Hence, the underlying premise of Terrace Court's contention is without merit and we reject its attempt to distinguish DHCR precedent recognizing the availability of permanent exemptions.

Nor were temporary suspensions of the MCI increase mandated by Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (13). This regulation provides, in pertinent part, that DHCR

---

1. *See e.g. Matter of Various Tenants of 315 W. 57th St.*, DHCR Admin Review Docket No. ED 430065-RT et al., at 3; *Matter of Clermont Tenants Assn.*, DHCR Admin Review Docket Nos. UA410049RT and UD410012RO, at 3 (Oct. 8, 2008); *Matter of Sunden*, DHCR Admin Review Docket Nos. BF 210190-RT & BF 230079-RT, at 2; *Matter of Tenants of 27 W. 96th St. New York, NY*, DHCR Admin Review Docket No. SJ430047RT, at 2 (July 10, 2000).
2. *See Matter of Tenants of 27 W. 96th St. New York, NY*, DHCR Admin Review Docket No. SJ430047RT, at 2 (July 10, 2000).

should not grant an MCI rent adjustment if the owner "is not maintaining all required services," however, the agency may grant the application "upon condition that such services will be restored within a reasonable time." Although Terrace Court believes that "all required services" encompasses water damage repairs, DHCR interprets the phrase as referencing services that are unrelated to the MCI project. Since an agency's interpretation of its own regulation is entitled to deference (*see e.g. Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481 [2008]), we cannot say that DHCR's reading of subdivision (a) (13) is irrational. In the overall context of the MCI adjustment process, DHCR is supposed to grant a rent modification if an MCI project inures to the benefit of every tenant in a building (*see* Rent Stabilization Law [Administrative Code of City of NY] § 26-511 [c] [6]; Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i] [c]; *Matter of Riverside Equities v New York State Div. of Hous. & Community Renewal*, 292 AD2d 313, 313-314 [1st Dept 2002]). Subdivision (a) (13) of the regulation, in contrast, envisions situations where (unlike here) an MCI application satisfies that requirement but the landlord has failed to provide other "required services" unrelated to the MCI project. When that occurs, subdivision (a) (13) permits DHCR to encourage the restoration of those services by making that action a necessary condition of the owner's recoupment of the funds expended on the MCI project. Because it has not been alleged that Terrace Court deprived its tenants of required services unrelated to the MCI work, the regulation has no bearing on this case.

■ It is therefore apparent that DHCR is not limited to temporarily suspending an MCI rent increase; the agency may permanently exempt an apartment in certain situations. Its choice is deferentially reviewed by the courts to determine whether there is a rational basis for the decision and, if so, DHCR's conclusion must be upheld even if a court would have reached a different result (*see e.g. Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009], citing *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

In light of this standard of review, we hold that DHCR acted rationally in this case. It found that, at the time the MCI application was submitted, the five apartments at issue had defective conditions caused by moisture attributable to the MCI

project and that those conditions continued in existence when DHCR inspected the apartments approximately 16 months later. On these facts, it was reasonable for the agency to conclude that those apartments did not benefit from the MCI project since they had been adversely affected by the construction work. As such, there was a sound basis for DHCR to exclude the five apartments from having to contribute to the cost of the MCI project. Consequently, under these circumstances, it was neither arbitrary nor capricious for DHCR to order permanent exemptions from the MCI adjustment rather than temporary suspensions.[3]

DHCR claims that one of the relevant considerations in these situations is whether an owner has demonstrated good faith in diligently addressing the problems caused by an MCI. The agency apparently reasons that an owner who does so is more likely to remedy a defective condition (justifying a temporary suspension of the rent increase), whereas an owner who denies the existence of MCI-related problems or does not undertake repairs within a reasonable amount of time is unlikely to extend the benefits of the project to the affected apartments (thereby justifying a permanent exemption from the MCI adjustment). DHCR maintains that this rationale is relevant here because Terrace Court consistently denied that the MCI project caused the water damage and it did not remedy the defects during the 16-month period when the MCI application was pending. But the agency's order did not cite this as a basis for its decision and we therefore do not consider it (*see e.g. Matter of John P. v Whalen*, 54 NY2d 89, 97 n 4 [1981]). In future cases where this circumstance is relevant, DHCR should articulate it in the MCI order to allow for adequate review by the courts.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

SMITH, J. (concurring). I join the Court's unanimous opinion, but with some misgivings.

There are a number of cases (including *Matter of Little* [DHCR Admin Review Docket No. NC430029RP et al. (Aug. 2, 1999)]; *Matter of Bourdeau* [DHCR Admin Review Docket No.

---

3. The fact that the five apartments did not benefit from the MCI project theoretically would have permitted DHCR to deny Terrace Court's application in its entirety (*see* Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i] [c]) and the agency's decision to take less extreme action was not unreasonable as a matter of law.

TK230075RT (Mar. 9, 2006)]; and *Matter of Papamichael Realty* [DHCR Admin Review Docket No. UJ130059RO (May 11, 2007)]), in which DHCR has ruled that a rent increase based on a major capital improvement should be suspended as to certain apartments until particular problems are fixed. There are also a number of cases (including this one and those cited in footnote 1 of the Court's opinion), in which DHCR has permanently exempted certain apartments from the increase. I accept the idea that both remedies are sometimes appropriate, and that DHCR has discretion to choose between them. What troubles me is that it is not easy to tell from DHCR's decisions on what basis it is making the choice.

In this case, DHCR's opinion is particularly unenlightening. The Commissioner says that the exemption should be permanent because various unsatisfactory conditions "existed in the apartments when work was completed just prior to the owner's filing of the application for an MCI rent increase." But is it not true in every case involving either a temporary or permanent exemption that a problem existed when the rent increase was applied for?

DHCR has a hard job, and courts should not make it harder by nit-picking. For this reason I join my colleagues in holding that the permanent exemption here was justified by the record. But I hope DHCR will do a better job in the future of explaining the policies and principles that guide its decisions to make exemptions from rent increases either temporary or permanent.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur with Judge GRAFFEO; Judge SMITH concurs in a separate opinion.

Order affirmed, with costs.