OPINION OF THE COURT
Renwick, J.
In this appeal, we consider whether the New York State Division of Housing and Community Renewal (DHCR) is authorized to implement an apparently new policy to provide that when a building owner files a Major Capital Improvement (MCI) Application for exterior renovation (waterproofing and pointing), and defects (water damage) relating to the improvement are found in a relatively small number of the building’s apartments, DHCR will deny the MCI application for all apartments in the building. We find that DHCR’s failure to set forth its reasons for altering its policy — by going beyond the denial of the MCI as to the individual apartments affected — rendered its revocation order arbitrary and capricious.
Petitioner 20 Fifth Avenue, LLC is the owner of a residential apartment building located at 20 Fifth Avenue in Manhattan. The building contains 108 apartments, 72 of which are rent-regulated. 20 Fifth Avenue, LLC (the owner) spent approximately $987,229 to upgrade the building, which project involved interior renovation (intercom service, boiler/burner, elevator, *161 water tank) and exterior renovation (pointing and waterproofing). The exterior renovation part of the upgrade cost $547,410.
An owner of rent-regulated apartments may seek to pass along the costs of a MCI to its tenants by filing an application with DHCR once the work is completed (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511 [c] [6] [b]; Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [2] [i]). In June 2001, the owner applied to DHCR to increase the rents of its regulated apartments on the basis that the internal and external renovation project qualified as a MCI. Some tenants objected to the external renovation aspect of the application because the construction work had resulted in water from the exterior of the building seeping into their apartments and these conditions had not been rectified.
On June 11, June 22 and June 23, 2005, and January 31, 2006, a DHCR inspector examined the building and reported water infiltration and peeling paint, among other things, in 10 out of the 72 rent-regulated apartments. On March 3, 2006, the DHCR rent administrator (RA) granted a MCI rent increase with regard to the apartments unaffected by the water damage. With regard to the affected apartments, the RA held that they would be “exempted,” that is, those apartments would be subject to the exterior renovation MCI increase only after the owner certified completion of necessary repairs to the apartments.
In response to the rent increase, 20 Fifth Avenue Tenants’ Association filed a petition for administrative review (PAR). The tenants’ association argued that DHCR should have disapproved of the entire exterior renovation MCI rent increase because the evidence of water damage to the 10 exempted apartments rendered the entire renovation work defective and “unworkmanlike.”
On May 20, 2010, DHCR denied the PAR. Addressing the tenants’ association’s water damage objection, DHCR ruled that “[t]he fact that a limited number of tenants (in this case, 10 out of a total of 108) may be experiencing problems with the work is not sufficient to warrant a denial of the MCI rent increase.” Instead, DHCR found that “the Rent Administrator properly exempted only the affected apartments from the exterior restoration increase.”
On August 25, 2010, the tenants’ association commenced a CPLR article 78 proceeding seeking annulment of DHCR’s determination. In its petition, the tenants’ association reiterated *162 its position that the exterior renovation MCI rent increase should, be revoked as to all regulated apartments because of the water damage in the exempted apartments. DHCR cross-moved to remand the matter to DHCR for further proceedings. Specifically, DHCR stated that it “wishes to review its [o]rder and evaluate our policy concerning the granting of MCI rent increase applications where problematic conditions exist in individual apartments and/or common areas, stemming from the MCI work in question” (emphasis added).
By an order dated November 1, 2010, Supreme Court granted DHCR’s cross motion, remanding the proceeding to DHCR. On remand, DHCR conducted new inspections of the exempted apartments. This time, the inspector found no evidence of water damages in four of the exempted apartments. Of the remaining six apartments, only one had a significant moisture reading (“100% wet”) and “severe water damage and missing plaster.” With regard to the remaining five apartments, the moisture meter read “dry,” and water damage was limited to the exterior walls in the form of “cracking, bubbly, blistering and/or crumbling plaster and/or paint; stains.”
On June 30, 2011, DHCR granted the tenants’ association’s PAR by revoking the MCI rent increase pertaining to the entirety of the exterior restoration work. In its “Revocation Order,” DHCR explained that its inspections of the building in 2005 “found evidence of water damage in the walls of 10 out of 72 rent regulated apartments (14%), which indicates that the work, which was completed in 1999, was not sufficient to . . . keep the premises free from water seepage.” DHCR further noted that the April 2011 inspections yielded “evidence of water damage at the exterior walls” in five apartments; and that “severe water damage and missing plaster was reported” in one apartment. DHCR noted that “[t]he 2011 inspection report further shows that the water damage occurred in the same areas of the apartments where water damage was found by the previous inspections of 2005.” Based upon this finding, DHCR issued a revised order in which it revoked the MCI increase for all apartments of the building.
On August 26, 2011, the owner commenced this article 78 proceeding, in which it requested judicial review of DHCR’s revocation order. The owner argued that the revocation of the MCI increase for all apartments, based upon a finding of leak damage in only a few apartments, was contrary to law and should be annulled. Supreme Court agreed with the owner’s arguments, *163 noting that DHCR’s longstanding policy of only exempting the particular apartments with a defect from the MCI increase had been affirmed by the courts, and DHCR’s attempt to alter this policy during the pendency of a MCI application without setting forth its reasons for doing so was contrary to law. Thus, the court annulled DHCR’s revocation order as being arbitrary and capricious.
DHCR then moved to renew based upon the Court of Appeals’ determination in Matter of Terrace Ct, LLC v New York State Div. of Hous. & Community Renewal (18 NY3d 446 [2012]), which was rendered after Supreme Court’s decision and order dated December 21, 2011. Supreme Court denied renewal upon a finding that “the issue in Terrace [Ct] was not the issue before this Court in its December 21, 2011 decision” (2012 NY Slip Op 32446[U], *4 [2012]). Supreme Court explained that in Terrace Ct., the Court considered “whether the [DHCR] is authorized to grant a major capital improvement rent increase while at the same time permanently exempting particular apartments from the obligation to pay additional rent when circumstances warrant” (18 NY3d at 450). Both the tenants’ association and DHCR appealed.
We now affirm for the reasons set forth below. It is well settled that “judicial review of administrative determinations is limited to whether the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (Matter of City of New York v Plumbers Local Union No. 1 of Brooklyn & Queens, 204 AD2d 183, 184 [1994], lv denied 85 NY2d 803 [1995]; CPLR 7803 [3]; see also Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009], citing Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Further, the Court of Appeals has held that an administrative agency’s determination is arbitrary and capricious when it “ ‘neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts’ ” (Matter of Lantry v State of New York, 6 NY3d 49, 58 [2005], quoting Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 517 [1985]). “[A]n agency that deviates from its established rule must provide an explanation for the modification so that a reviewing court can ‘determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision’ ” (Terrace Ct., 18 NY3d at 453).
*164 When a party mounts an attack upon a decision by DHCR as inconsistent with prior determinations, our task is to examine DHCR’s precedent in similar situations. In those cases where DHCR has denied an exterior renovation (waterproofing and pointing) MCI rent increase outright in the first instance, this Court has upheld such determinations where the owner failed to prove that the work was necessary and comprehensive (see e.g. Matter of Cenpark Realty Co. v New York State Div. of Hous. & Community Renewal, 257 AD2d 543 [1st Dept 1999]; Matter of Rudin Mgt. Co. v New York State Div. of Hous. & Community Renewal, 215 AD2d 243 [1st Dept 1995]). There is, however, no evidence that DHCR has ever had a specific policy to deny a rent increase outright in the first instance in the type of situation, as here, where defects (water damage) relating to the improvement are found in a relatively small number of the building’s apartments. Nor does DHCR present any evidence of such policy.
On the contrary, in its order remanding the proceedings to DHCR, Supreme Court cited to an administrative determination, Matter of Clermont Tenants Assoc. (DHCR Admin Review Docket No. UA410049RT, at 2 [Oct. 8, 2008]), where a DHCR RA granted a MCI increase for an exterior renovation consisting of pointing and waterproofing, even though a DHCR inspector had found moisture-related damage in 25 apartments out of 400 apartments in the subject building. On their PAR, the tenants argued that the entire MCI application should have been denied, instead of the permanent exemption of the 25 apartments where water damage was observed. DHCR denied the PAR upon a finding that the defects (water damage) related to the improvement in about six percent of the apartments was insufficient to establish that the entire exterior renovation was defective.
We also take judicial notice of Matter of Tenants of 315 W. 57th St. (DHCR Admin Review Docket No. ED 410066-RT, at 3 [Feb. 12, 1993]), where a DHCR RA granted a MCI increase for exterior renovation consisting of pointing and waterproofing, even though a DHCR inspector had found “exterior water seepage” in four apartments out of a 275-apartment building. DHCR denied the PAR filed by the tenants upon a finding that the RA did not err in “exempting these four apartments from the rent increase as opposed to denying the entire application on grounds that the work performed was not building-wide in that it did not inure to the benefit of all tenants.” Hence, based on its own *165 prior precedent, DHCR should have exempted from the MCI rent increases only the relatively small number of apartments affected in this case.
DHCR makes no attempt to harmonize the facts of this case with the prior DHCR decisions. Instead, DHCR argues that when it sought remand, its “clear” intent was to “reexamine the specific facts of this case” to determine whether the exterior renovation work was performed in an “unworkmanlike manner.” This argument, however, ignores the language of the request for remand, which states that it seeks “to review its rder and evaluate our policy concerning the granting of MCI rent increase applications where problematic conditions exist in individual apartments and/or common areas, stemming from the MCI in question.”
More importantly, DHCR does not argue — let alone establish — that the facts garnered during the second inspection provided a rational basis for overruling its prior decision and ignoring prior precedent. It is undisputed that the original DHCR inspection found defects relating to water seepage in only 10 apartments in a building containing 108 apartments. As indicated, DHCR initially found this insufficient to deny the entire MCI, as the condition was limited to a relatively few apartments and thus did not negate the fact that the work was comprehensive. The second DHCR inspection, which took place six years later, found even less damage relating to water seepage in only six apartments. It defies logic and common sense to: (1) initially find that “a limited number of tenants (in this case, 10 out of a total of 108)” that may be experiencing problems with the work is not sufficient to warrant a denial of the MCI rent increase; and (2) then render an opposite conclusion when conditions actually improve. Agency action must always be rational and decision making that is typified by erratic and unexplained changes in analysis is the antithesis of that standard and undermines the agency’s rationale (see Matter of Charles A. Field Delivery Serv., 66 NY2d at 517).
Finally, contrary to DHCR’s contention, the Court of Appeals’ recent pronouncement in Terrace Ct. does not mandate a different result. In Terrace Ct., the owner of a building containing 91 residential apartments, 37 of which were rent-regulated, spent approximately $1.2 million to upgrade the building. The project involved pointing work and the replacement of masonry, lintels and parapets. In September 2005, approximately 16 months after submission of the MCI application, a DHCR inspector and a *166 Terrace Court employee inspected five allegedly damaged apartments. Each of these residences had walls in various states of disrepair and exhibited staining, discoloration, blistering or cracking. Actual moisture was detected in two of the apartments. The Court of Appeals held that DHCR not only had the authority to grant a MCI increase while at the same time permanently exempting particular apartments from the obligation to pay additional rent, but that the circumstances of the case warranted such determination (18 NY3d at 450).
In this case, however, the determination to revoke the prior grant of a MCI increase with regard to the unaffected apartments (thereby denying the exterior MCI rent increase in its entirety), was arbitrary and capricious because DHCR neither indicated a reason for its drastic penalty nor adhered to prior rulings in similar cases where, as in Terrace Ct., only a few units were affected.
Accordingly, the judgment of the Supreme Court, New York County (Eileen A. Rakower, J.), entered January 10, 2012, granting the petition to annul a determination of respondent DHCR, dated June 30, 2011, which reduced a Major Capital Improvement rent increase that had previously been granted to petitioner building owner and ordered a refund of any excess rent collected from the tenants, and remanding the matter to DHCR for further proceedings, should be affirmed, without costs.
Tom, J.E, Andrias and DeGrasse, JJ., concur.
Judgment, Supreme Court, New York County, entered January 10, 2012, affirmed, without costs.