Matter of Partman v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 00219)





Matter of Partman v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 00219


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10750 158766/17

[*1] In re Howard Partman, etc., Petitioner-Respondent,
v New York State Division of Housing and Community Renewal, Respondent, BLDG Management Co., Inc., Respondent-Appellant.


Kucker Marino Winiarsky & Bittens, New York (Nativ Winiarsky of counsel), for appellant.
Collins Dobkin & Miller, LLP, New York (W. Miller Hall of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 17, 2018, which granted the petition brought pursuant to CPLR article 78 seeking to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated August 3, 2017, granting BLDG Management Co., Inc.'s application for a major capital improvement rent increase, unanimously reversed, on the law and in the exercise of discretion, without costs, and the matter remanded to DHCR for further proceedings in accordance with this opinion.
In granting respondent BLDG Management Co., Inc.'s (owner) application for a major capital improvement rent increase based on evidence that "C" violations were removed after the conclusion of the proceedings before the Rent Administrator (RA), respondent DHCR improperly deviated from its own established rules without explanation (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 453 [2012]). Although DHCR may consider evidence not before the RA where (as is at least arguably the case here) it "could not reasonably have been offered or included in the proceeding prior," DHCR must remand the matter to allow the RA to consider the new evidence in the first instance (see Rent Stabilization Code [9 NYCRR] § 2529.6; Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 150 [2002]). Because DHCR did not order such a remand here, the new evidence was not properly considered. To the extent the DCHR failed to follow its own rules its actions were arbitrary and capricious. Accordingly, we order that the case be remanded to DHCR to evaluate whether good cause exists to remand to the RA for consideration of the new evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK