Matter of Pratt v Gowanda Nursing Home (2020 NY Slip Op 03711)





Matter of Pratt v Gowanda Nursing Home


2020 NY Slip Op 03711


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

529873

[*1]In the Matter of the Claim of Viola B. Pratt, Claimant,
v
Gowanda Nursing Home et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Hamberger & Weiss LLP, Rochester (John A. Terzulli of counsel), for appellants.
Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for Special Disability Fund, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed February 1, 2019, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).
In January 2000, claimant injured her back while performing her duties as a nurse's aide. She filed a claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related injury to her lower back. The claim was later amended to also include a consequential injury to claimant's thoracic spine. During the proceedings, it was disclosed by one of claimant's physicians that claimant had suffered a prior injury to her lower back in 1998. In view of this, the employer, through its workers' compensation carrier (hereinafter collectively referred to as the carrier), timely filed a C-250 form with the Workers' Compensation Board requesting reimbursement from the Special Disability Fund under Workers' Compensation Law § 15 (8).
In March 2006, a pretrial conference was held that was attended by the carrier and the Special Funds Conservation Committee (hereinafter SFCC), which at the time was responsible for administering the Special Disability Fund. The carrier and the SFCC signed a pretrial conference statement stating that "[Workers' Compensation Law§ 15 (8)] applies unless total disability develops due to instant case . . . [s]ubject to classification . . . [and] to 50% reimbursement of allowable medical and indemnity payments in excess of the retention period." In June 2010, this statement was filed with the Board, but it was never adopted or approved.
Proceedings continued in the case and a permanency hearing was conducted in May 2017 that was attended by claimant, the carrier and the Special Funds Group (hereinafter SFG), which had assumed responsibility for administering the Special Disability Fund. The issue of the applicability of Workers' Compensation Law § 15 (8) was raised at the hearing and the WCLJ directed the parties to provide written submissions with respect to this issue. Following the hearing, the WCLJ issued a decision classifying claimant with a permanent partial disability of 66.60%. After receiving the parties' written submissions, the WCLJ issued another decision finding that Workers' Compensation Law § 15 (8) was applicable given the concession made by the SFCC in the pretrial conference statement. The SFG sought review of this decision by the Board. The Board ruled, among other things, that the pretrial conference statement was not legally binding and discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8) (d). The carrier appeals.
The carrier's sole argument is that the SFG should be equitably estopped from denying its request for reimbursement from the Special Disability Fund because it detrimentally relied upon the concession made by the SFCC in the prehearing conference statement that Workers' Compensation Law § 15 (8) applied. Initially, we note that the pretrial conference statement did not meet the requirements of a stipulation under 12 NYCRR 300.5 (b) or a settlement agreement under Workers' Compensation Law § 32 and was not legally binding, as it was neither approved by the WCLJ nor reviewed by the Board (see Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d 1273, 1274-1275 [2019]). Moreover, we are not persuaded that estoppel should be applied under the circumstances presented here. Simply stated, it was not reasonable for the carrier to rely upon the pretrial conference statement without taking the steps necessary to ensure that it was legally binding (see Matter of Schiffer v Charming Shops of Delaware, 182 AD3d 890, 893 [2020]; see also Workers' Compensation Law § 32; Matter of Durham v Wal-Mart Stores, 174 AD3d at 1274; 12 NYCRR 300.5 [b]). Consequently, we find no reason to disturb the Board's decision.
Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.