Matter of Wolkiewicz v Lincare Holdings Inc. (2020 NY Slip Op 04218)





Matter of Wolkiewicz v Lincare Holdings Inc.


2020 NY Slip Op 04218


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

529937

[*1]In the Matter of the Claim of Julie Wolkiewicz, Claimant,
v
Lincare Holdings Inc. et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Law Offices of John Wallace, Buffalo (Jillian L. Stiefel of counsel), for appellants.
Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for Special Disability Fund, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed February 1, 2019, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).
Claimant was injured while working in June 2006 and, thereafter, she filed a claim for workers' compensation benefits. In April 2008, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sought reimbursement from the Special Disability Fund due to claimant's alleged preexisting physical impairments (see Workers' Compensation Law § 15 [8] [d]), and the claim was later established for work-related injuries to the neck and low back. On February 21, 2009, the carrier filed a copy of a pretrial conference statement, dated January 13, 2009, which was signed by representatives of the carrier and the Special Funds Conservation Committee, the entity responsible for overseeing Workers' Compensation Law § 15 (8) cases prior to January 1, 2017, when that responsibility was assumed by the Special Funds Group (see Workers' Comp Bd Release Subject No. 046-919). That statement purportedly reflected an agreement that Workers' Compensation Law § 15 (8) (d) would apply to the subject claim, unless total disability developed solely due to the instant accident and subject to classification and 50% reimbursement of allowable medical and indemnity payments in excess of the retention period. The pretrial conference statement also noted, in relevant part, that "Dr. Bauer 10/14/08 gives M & S based on prior rt. & L. hands & neck & mild to mod CTS," but no medical evidence was attached to the statement or otherwise filed by the carrier. The subject claim was amended thereafter to include a right shoulder injury.
During a February 2018 hearing on permanency, the Special Funds Group, on behalf of the Fund, requested that the Fund be removed from notice and discharged, arguing that Workers' Compensation Law § 15 (8) (d) cannot apply as the carrier failed to submit any medical evidence in support of its request for reimbursement before the July 1, 2010 statutory cut-off date for the submission of such evidence (see Workers' Compensation Law § 15 [8] [h] [2] [A]). The carrier opposed, asserting that the concession made by the Special Funds Conservation Committee in the aforementioned pretrial conference statement was binding. A Workers' Compensation Law Judge agreed with the Special Funds Group. Upon administrative review, the Workers' Compensation Board held that the alleged concession was not binding, disavowing any of its precedent that suggested otherwise, and concluded that the carrier, having submitted no medical evidence in support of its request, failed to establish a viable claim for reimbursement and was statutorily no longer free to do so. This appeal by the carrier ensued.
Initially, we reject the carrier's contention that the subject pretrial conference statement was entitled to preclusive effect (see Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d 1273, 1274-1275 [2019]). Additionally, although the carrier is correct that a decision of an administrative agency that neither adheres to its own precedent nor indicates its reasons for reaching a different result on essentially the same facts will be found to be arbitrary and capricious (see Matter of Terrace Ct., LLC v New York State Div. of Hous. & Community Renewal, 18 NY3d 446, 453 [2012]; Matter of Canfora v Goldman Sachs Group, Inc., 93 AD3d 988, 989 [2012]), here, the Board was not completely changing course in disavowing prior, limited instances when it has held that Workers' Compensation Law § 15 (8) applies where liability has been conceded in a pretrial conference statement (compare Employer: YMCA of Greater New York, 2016 WL 1618857, *1-2, 2016 NY Wrk Comp LEXIS 3465, *2-5 [Apr. 14, 2016], and Employer: National Grid, 2014 WL 1800681, *2-3, 2014 NY Wrk Comp LEXIS 12370, *8 [May 6, 2014], and Employer: Verizon of New York, Inc., 2010 WL 2419960, *2, 2010 NY Wrk Comp LEXIS 3591, *3-4 [Apr. 14, 2010], with Employer: Fisher Bus, 2018 WL 1723334, *5, 2018 NY Wrk Comp LEXIS 1161, *13 [Feb. 6, 2018], and Employer: Lakeshore Cent. Sch., 2013 WL 2279337, *2, 2013 NY Wrk Comp LEXIS 4846, *4-6 [May 21, 2013]). Even if the Board had been wholly departing from its precedent on the issue, its articulated basis for finding a concession contained in a pretrial conference statement to be nonbinding was rational (see Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d 1274-1275; see generally Matter of Marino v K.L.M. Royal Dutch Airlines, 194 AD2d 818, 819-820 [1993], lv denied 82 NY2d 661 [1993]). We find the carrier's related promissory estoppel argument to be equally unavailing (see Matter of Schiffer v Charming Shoppes of Del., 182 AD3d 890, 892 [2020]). Thus, the issue of whether the carrier demonstrated its entitlement to reimbursement under Workers' Compensation Law § 15 (8) remained within the exclusive province of the Board (see Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d at 1275; Matter of Brown v Guilderland Cent. School Dist., 82 AD3d 1523, 1523-1524 [2011]).
For any case with a date of accident or disablement from August 1, 1994 through June 30, 2007, an employer or its workers' compensation carrier may obtain reimbursement pursuant to Workers' Compensation Law § 15 (8) for compensation and medical benefits paid after 260 weeks of disability, provided that the employer or the carrier "demonstrate that [the] claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone" (Matter of Gramza v Buffalo Bd. of Educ., 148 AD3d 1485, 1486 [2017] [internal quotation marks and citations omitted]; see Matter of Szadek v Greatbatch, 135 AD3d 1279, 1280 [2016]). Equally relevant here, no such claim for reimbursement may be filed "after July [1, 2010], and no written submissions or evidence in support of such a claim may be submitted after that date" (Workers' Compensation Law § 15 [8] [h] [2] [A]).
Here, the record reveals that the only documents filed with the Board pertaining to the carrier's request for reimbursement from the Fund were the carrier's C-250 form itself and the subject pretrial conference statement. Under these circumstances, neither of these documents, including any notations therein, was sufficient to meet the carrier's burden. As the Board does not have the discretion to accept any further evidence at this point in time (see Workers' Compensation Law § 15 [8] [h] [2] [A]; Matter of Jaworek v Sears Roebuck & Co., 67 AD3d 1161, 1163 [2009], lv denied 14 NY3d 704 [2010]; Workers' Comp Bd Release Subject No. 046-432), we agree that the carrier's reimbursement request must be denied and the Fund discharged from liability (see Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d at 1275-1276).
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.