Matter of O'Donnell v University of Rochester (2022 NY Slip Op 04067)

Matter of O'Donnell v University of Rochester

2022 NY Slip Op 04067

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

532612
[*1]In the Matter of the Claim of Anne O'Donnell, Claimant,
v
University of Rochester et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Hamberger & Weiss LLP, Buffalo (Susan R. Duffy of counsel), for appellants.
Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for Special Disability Fund, respondent.

Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed June 11, 2020, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8) (d), and (2) from a decision of said Board, filed August 18, 2020, which denied the University of Rochester's application for reconsideration and/or full Board review.
In June 2007, claimant, a nurse, sustained work-related injuries to her left leg and both knees when she slipped on a wet floor and landed on the ground. The claim was established against the employer for these injuries and was later amended to include other injuries. In 2008, the employer and its third-party administrator (hereinafter collectively referred to as the employer) filed three different C-250 forms seeking reimbursement from the Special Disability Fund based upon preexisting conditions (see Workers' Compensation Law § 15 [8] [d]), including impairments that resulted from three prior established workers' compensation claims. Following, among other things, claimant's classification with a permanent partial disability in 2017, a hearing ensued on the question of the applicability of Workers' Compensation Law § 15 (8) (d), after which a Workers' Compensation Law Judge (hereinafter WCLJ) found that the employer was entitled to reimbursement based upon a pretrial conference sheet signed by representatives of the employer and the Special Funds Conservation Committee that purportedly reflected an agreement as to the employer's entitlement to reimbursement.[FN1] The Special Funds Group sought administrative review by the Workers' Compensation Board, which, in a June 2020 decision, reversed the decision of the WCLJ, finding that Workers' Compensation Law § 15 (8) (d) does not apply, and discharged and removed the Special Funds Group from notice. In so doing, the Board reasoned, among other things, that the pretrial conference statement was not legally binding because it was not reduced to writing and approved by the Board. The employer's subsequent application for reconsideration and/or full Board review was denied in an August 2020 decision. The employer appeals from both decisions.
The employer contends that the subject pretrial conference statement was entitled to preclusive effect and/or that the Special Disability Fund should be estopped from opposing the applicability of Workers' Compensation Law § 15 (8) (d) because the employer relied, to its detriment, on representations made by the Fund in its pretrial conference statement indicating that Workers' Compensation Law § 15 (8) (d) applied. We disagree. Initially, although the pretrial conference statement, dated February 2, 2009, was prepared prior to the deadline set forth in Workers' Compensation Law § 15 (8) (h) (2) (A) (compare Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d 1273, 1275 [2019]), the pretrial conference statement did not meet the requirements of either a stipulation (see 12 NYCRR 300.5 [b]) or a settlement between [*2]the parties (see Workers' Compensation Law § 32). There is also no indication that it was reviewed and approved by the Board (see Matter of Mayers v Frito Lay, 185 AD3d 1332, 1333 [2020]; Matter of Pratt v Gowanda Nursing Home, 185 AD3d 1133, 1134-1135 [2020]; Matter of Schiffer v Charming Shoppes of Del., 182 AD3d 890, 892-893 [2020]; Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d at 1274). "Absent proof of such approval/review here, the pretrial conference sheet was not binding, and the issue of whether the employer demonstrated its entitlement to reimbursement under Workers' Compensation Law § 15 (8) (d) remained within the exclusive province of the Board" (Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d at 1274-1275 [internal quotation marks and citation omitted]).
Even assuming that the record before us demonstrates that the employer relied upon the pretrial conference statement to its detriment, the employer's laches and promissory estoppel arguments must fail because the subject pretrial conference sheet was not binding under the circumstances here (see Matter of Mayers v Frito Lay, 185 AD3d at 1333). Indeed, "such reliance [upon the pretrial conference statement] was unreasonable given that the [employer] did not timely take the requisite steps to ensure that the Fund's pretrial conference statement would be legally binding" (Matter of Schiffer v Charming Shoppes of Del., 182 AD3d at 893). The employer's remaining arguments on this issue, including its claim that the Board failed to either follow or explain its departure from its own precedent, have also been examined and found to be lacking in merit (see Matter of Wolkiewicz v Lincare Holdings, Inc., 185 AD3d 1334, 1335-1336 [2020]; Matter of Mayers v Frito Lay, 185 AD3d at 1334).
Turning to the employer's appeal from the Board's denial of its application for reconsideration and/or full Board review, as the employer failed to allege or set forth any newly discovered evidence, and the Board's decision fully considered the issues properly before it in view of its determination as to the applicability of Workers' Compensation Law § 15 (8) (d), we find no abuse of discretion in the denial of the employer's application (see Matter of Mascali v Town/Vil. of Harrison, 203 AD3d 1424, 1425-1426 [2022]; Matter of Eastman v Glens Falls Hosp., 202 AD3d 1232, 1233 [2022]). To the extent that we have not addressed any of the employer's remaining contentions, they have been considered and found to be unavailing.
Garry, P.J., Egan Jr., Clark and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: The Special Funds Conservation Committee was "the entity responsible for overseeing Workers' Compensation Law § 15 (8) cases prior to January 1, 2017, when that responsibility was assumed by the Special Funds Group" (Matter of Wolkiewicz v Lincare Holdings Inc., 185 AD3d 1334, 1334 [2020]; see Workers' Compensation Board Release Subject No. 046-919).